United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Stephanie Fine-Marino
Trial Attorney
(215)440-2841
SFM-7913

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 OCT -5  A 11: 04

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) CIVIL ACTION NO. 05-4828 (WJM) |
| v. | )<br>) |
| PORT ELIZABETH TERMINAL & WAREHOUSE (a subsidiary of the Judge Organization), | ) **COMPLAINT**<br>) **JURY TRIAL DEMAND**<br>)<br>) |
| Defendant. | )<br>) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act to correct unlawful employment practices that discriminate on the basis of race and age and to provide appropriate relief to Shirley Hicks, (Black, age 56) who was adversely affected by such practices. As alleged with greater particularity in paragraph 10 below, the Commission alleges that Ms. Hicks, a Customer Service Representative ("CSR"), was discriminated against based on her age and race, when Defendant Employer subjected her to disparate treatment, while younger, non-black CSRs were treated more favorably. The Commission alleges that although Ms. Hicks complained to Defendant about the unwarranted scrutiny over her performance, no remedial action was undertaken by Defendant to stop the discrimination, and, thereafter, on or about November 22, 2004, Ms. Hicks was terminated.

As a result of the racial and age discrimination and discharge, Ms. Hicks suffered severe emotional distress and **backpay** damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

5. Further, the Commission is also charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

6. At all relevant times, Defendant, Port Elizabeth Terminal & Warehouse (a subsidiary of the Judge Organization) ("Port Elizabeth"), has continuously been and is now doing business in the State of New Jersey and the City of Newark and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Shirley Hicks filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least 2002, Defendant Employer has engaged in unlawful employment practices at its Newark, New Jersey facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1) and 2000 (e)-3 (a) (1) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), by subjecting Shirley Hicks to disparate treatment and wrongful termination because of her race and age, based on incidents which include, but not are limited to, the following:

3

(a)     Ms. Hicks was initially hired by Defendant in 1987 as a Switchboard Operator and was thereafter promoted to billing clerk, a position she remained in until 1993. In 1995, Defendant rehired Ms. Hicks as a Customer Service Representative ("CSR"), a position in which she remained employed until she was terminated on November 23, 2004.

(b)     Ms. Hicks was the oldest of seven (7) CSRs and the only African-American in the CSR Department.

(c)     Sometime in 2002, Rose Wilson (Hispanic / age 40) was promoted to CSR Manager and became Ms. Hick's immediate supervisor. Immediately upon Ms. Wilson promotion, she exhibited bias toward younger, non-African American CSRs, and became hostile towards Ms. Hicks.

(d)     In or about 2003, Ms. Hicks requested a meeting with Port Elizabeth's President, Pat Wynne, and expressed to him that she believed she was being treated unfairly. Thereafter, she received no response to her complaint, and no further action was taken by Port Elizabeth's President.

(e)     On or about April 23, 2004, Ms. Hicks was placed on "Probationary Notice" for performance issues that had never been bought to her attention. Prior to Ms. Wilson becoming CSR Manager, Ms. Hicks never experienced any problems with her work or her performance. Ms. Hicks successfully completed her probationary period and, in fact, did not receive any further discipline, counseling and/or warnings.

(f)     On or about July 1, 2004, work stations were rearranged in such a way that Ms. Hicks' work station was isolated from her co-workers.

(g)     On or about November 22, 2004, without any warning, Ms. Hicks was terminated.

11.     The effect of the practices complained of in paragraph 10 above, and its sub-parts, above has been to deprive Shirley Hicks of equal employment opportunities and otherwise adversely

4

affect her status as an employee because of her race and age.

12. The acts complained of in paragraph 10, and its sub-parts, above were intentional.

13. The unlawful employment practices complained of in paragraph 10, and its sub-parts, above were done with malice or with reckless indifference to the federally protected rights of Shirley Hicks as a 56-year old African-American employee.

14. The unlawful employment practices complained of in paragraph 10 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate treatment and wrongful termination based upon an employee's race and age and any other employment practice which discriminates on the basis of race, or age against individuals forty (40) years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals forty (40) years of age and older and for African-American individuals, which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against

discrimination, including race and age discrimination.

  E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on race and age discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of race and age discrimination of which they become aware to the department charged with handling such complaints.

  F. Order Defendant Employer to make whole Shirley Hicks by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  G. Order Defendant Employer to make whole Shirley Hicks by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10, and its sub-parts, above, including but not limited to backpay, frontpay, and out-of-pocket losses in amounts to be determined at trial.

  H. Order Defendant Employer to make whole Shirley Hicks by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 10, and its sub-parts, above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

  I. Order Defendant Employer to pay Shirley Hicks punitive damages for its malicious and reckless conduct described in paragraph 10, and its sub-parts, above, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

K.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> Respectfully submitted,
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
>
> *(signed)*
> JACQUELINE H. MCNAIR
> Regional Attorney
>
> *(signed)*
> JUDITH A. O'BOYLE
> Supervisory Trial Attorney
>
> *(signed)*
> STEPHANIE FINE MARINO
> Trial Attorney
> Stephanie.Marino@eeoc.gov
> NJ Bar No. 03193-1995
> U.S. EEOC, Philadelphia District Office
> 21 S. 5th Street, Suite 400
> Philadelphia, PA 19106
> (215) 440-2828 (main)
> (215) 440-2848 (fax)